BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00061-WBS-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $77,500.00 SEIZED FROM GOLDEN ONE CREDIT UNION MONEY MARKET SAVINGS ACCOUNT 1345755-S2, HELD IN THE NAME OF JAMIE J. KANG, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On February 5, 2013, agents with the Internal Revenue Service – Criminal Investigation ("IRS") executed a Federal seizure warrant at Golden One Credit Union at 8945 Cal Center Drive, Sacramento, California.  The agents seized Approximately $77,500.00 from Golden One Credit Union Money Market Savings Account 1345755-S2, held in the name of Jamie J. Kang (hereafter the "defendant funds").

2.     The IRS commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about April 3, 2013, the IRS received claims from Jamie J. Kang and Sung Ung Kang

Consent Judgment of Forfeiture

asserting an ownership interest in the defendant funds.

3.     The United States represents that it could show at a forfeiture trial that from August 6, 2012 to at least October 6, 2012, Jamie J. Kang or another person acting for her benefit, structured transactions by breaking up currency deposits to Golden One Credit Union Money Market Savings Account 1345755-S2.  The defendant funds were allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.01 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

4.     The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981.

5.     Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agreed that an adequate factual basis exists to support forfeiture of the defendant funds.  Claimants acknowledged that Sung Ung Kang is the sole owner of the defendant funds and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants shall hold harmless and indemnify the United States, as set forth below.

6.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Consent Judgment of Forfeiture

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.     Upon entry of this Consent Judgment of Forfeiture, $46,500.00 of the Approximately $77,500.00 seized from Golden One Credit Union Money Market Savings Account 1345755-S2, held in the name of Jamie J. Kang, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981, to be disposed of according to law.

11.     Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $31,000.00 of the Approximately $77,500.00 seized from Golden One Credit Union Money Market Savings Account 1345755-S2, shall be returned to potential claimant Sung Ung Kang.

12.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Jamie J. Kang and Sung Ung Kang waived the provisions of California Civil Code § 1542.

13.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14.     All parties will bear their own costs and attorney's fees.

Consent Judgment of Forfeiture

15.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated:  June 27, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture